IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,           No. 2:05-cr-0219 JAM JFM

    vs.

JOSE ZAMORA,

        Movant.               ORDER

_____/

        Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  On May 12, 2009, respondent filed a motion for an order finding waiver of attorney client privilege, unsealing court documents, and requiring disclosures from prior counsel.  Respondent contends that movant's claim of ineffective assistance of counsel waives the attorney-client privilege as to all communications with his allegedly ineffective attorney. (Motion at 4, citing Bittaker v. Woodford, 331 F.3d 715, 716 (9th Cir. 2003).)

        On May 13, 2009, counsel for movant on the underlying criminal case, filed a request to be relieved as attorney of record, motion for appointment of new counsel, and a request for briefing schedule on respondent's motion for privileged records.  (Id.)  Counsel points out that in light of movant's claim, he can no longer continue as movant's counsel, but argues that pursuant to Rule 6(a) of the Rules Governing Section 2255 Proceedings, appointment of

1

conflict counsel is appropriate given the complexity of the extent to which attorney-client privilege plays a role in the discovery request.

On May 13, 2009, respondent filed an opposition to the motion to be relieved as attorney of record and the motion for appointment of counsel. Respondent argues that no "conflict counsel" is needed because there is no Sixth Amendment right to counsel in a habeas proceeding. Coleman v. Thompson, 501 U.S. 722, 757 (1991). Respondent contends that it is not requesting depositions, interrogatories or any other kind of discovery process which would require an attorney's presence under Rule 6(a).

On June 5, 2009, counsel for movant filed an opposition to respondent's motion for privileged and confidential information. Counsel argues that respondent has failed to show good cause to conduct discovery or specificity for their request as required by Rules 6(a) & 6(b) of the Rules Governing Section 2255 Proceedings. Counsel contends that waiver under Bittaker is implicit and "allocates control of the privilege between the judicial system and the party holding the privilege." Bittaker, 331 F.3d at 720. Counsel has an ongoing obligation to avoid unnecessary disclosure of privileged information under California State Bar Rule of Professional Conduct 3-100(A).

Finally, counsel for movant contends that movant should be provided an opportunity to consider whether he wishes to relinquish the confidentiality of the privileged communications or whether he would rather abandon the instant claims.

> The scope of an implied waiver of the attorney-client privilege arising from a claim of ineffective assistance of counsel extends only to litigation of the claim in the federal proceedings. The district court is charged with the responsibility to enter "appropriate orders clearly delineating the contours of the limited waiver before commencement of discovery, and strictly police those limits thereafter." Bittaker v. Woodford, 331 F.3d 715, 728, 55 Fed. R. Evid. Serv. 923 (9th Cir. 2003) (en banc). One method to accomplish this end is for the district court to enter a protective order under Fed. R. Civ. P. 26(c). 331 F.3d at 728 n.11.

Federal Habeas Manual, § 6:11 (2008).

This court finds movant's counsel's arguments persuasive. Accordingly, the court will allow counsel to withdraw, and will order the Federal Defender's Office to appoint a panel attorney to represent movant herein. New counsel will be directed to confer with movant and notify the court, within sixty days from the date of this order, whether movant intends to pursue the instant § 2255 motion or seek leave to file an amended motion. Respondent's obligation to file an answer will be suspended pending the court's review of movant's response.

Respondent's motion to find waiver will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. The May 13, 2009 motion to be relieved as attorney of record is granted; Dennis S. Waks is relieved as counsel for movant;

2. The May 13, 2009 motion for appointment of new counsel is granted; the Federal Defender shall appoint a panel attorney to represent movant;

3. Within sixty days from the date of this order, movant's new counsel shall notify the court, in writing, whether movant intends to pursue the instant § 2255 motion or seek leave to file an amended motion;

4. Respondent is relieved of its obligation to file an answer until further order of court; and

5. Respondent's May 12, 2009 motion is denied without prejudice.

DATED: June 16, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; zamo0219.appt