IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,　　　　　　　　　　　No. 2:05-cr-0219 JAM JFM

  vs.

JOSE ANGEL ZAMORA,

    Movant.　　　　　　　　　　　　ORDER

                                   /

       Movant, a federal prisoner proceeding pro se, has filed an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On April 2, 2010, respondent filed a motion for an order finding waiver of attorney-client privilege and ordering discovery. On April 24, 2010, movant filed an opposition.

Procedural History

       On August 17, 2006, a jury found movant guilty of possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On November 15, 2006, movant was sentenced to imprisonment for a term of 151 months followed by a 60-month term of supervised release. On December 11, 2008, movant's conviction was affirmed by the Ninth Circuit. That decision became final on February 6, 2009.

On March 9, 2009, movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. On December 23, 2009, with newly appointed counsel, movant filed an amended motion to vacate, and a request for evidentiary hearing. Movant presents two grounds for relief in his amended petition. In ground one, movant claims ineffective assistance of counsel, alleging that his trial counsel failed to advise him that he could plead guilty to the charges pending against him without a plea agreement and that he could plead guilty on the day of the trial. In ground two, movant again claims ineffective assistance of counsel for trial counsel's alleged failure to properly advise him regarding his "safety-valve" eligibility.

On April 2, 2010, respondent filed a motion for an order finding waiver of attorney-client privilege and ordering discovery. On April 24, 2010, movant filed an opposition. No reply has been filed.

## Discussion

In bringing the present motion, respondent argues that movant's ineffective assistance of counsel claim waives the attorney-client privilege, thus allowing respondent access to those communications in their entirety, limited only by the prohibition against using any of the information in a retrial if the collateral attack is successful.

Movant argues that his claims do not waive all communications protected by the attorney-client privilege. He contends that his amended petition seeks only to determine what his trial counsel advised and/or informed him about plea negotiations with the government, the safety-valve option, any consequences of the safety-valve option on a guilty plea, and the timing of these discussions. Movant objects to respondent's "all-inclusive" request.

In <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003), the Ninth Circuit addressed the scope of an implied waiver of the attorney-client privilege in the context of a habeas petitioner's claim of ineffective assistance of counsel. There, the court held that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all

communications with his allegedly ineffective lawyer. Id. at 716.  Respondent relies heavily on this statement that "all communications" are waived in arguing for unlimited access to movant's trial counsel's files.

The Ninth Circuit, however, qualified that statement by imposing a "narrow waiver rule," which encompasses two situations, only one of which respondent addresses in his brief. Bittaker, 331 F.3d at 720-21; see United States v. Gray, 2007 WL 1848030, at *5 (N.D. Cal. 2007).  The first, which respondent does not address, concerns the scope of the communications the petitioner must disclose to the State if he chooses to proceed with his ineffective assistance of counsel claim.  The appellate court held that "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it. . . . Courts, including ours, that have imposed waivers under the fairness principle have therefore closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." Id. at 720.  Thus, a petitioner need not disclose all of the communications with his or her counsel, but only those that address the particular claims of ineffectiveness at issue and that are necessary to give the opposing party a fair opportunity to defend. See Alvarez v. Woodford, 81 Fed. Appx. 119, 119 (9th Cir. 2003) (only those documents or portions of documents relating to the claim asserted by the petitioner were ordered disclosed); United States v. Garcia, 2010 WL 144860, slip op. at 5 (E.D. Cal. 2010) ("When a petitioner in a habeas corpus action raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to the matters challenged); Webster v. Ornoski, 2007 WL 1521048, slip op. at 2-3 (E.D. Cal. 2007) (citing Mason v. Mitchell, 293 F. Supp. 2d 819, 829 (N.D. Ohio 2003) (ineffective assistance of counsel claim limited to penalty phase and respondent therefore precluded from obtaining documents from trial counsel's files relating to the guilt phase of petitioner's trial));

The second element of the "narrow waiver rule," which respondent does address, concerns the use of the disclosed material in litigation outside of this habeas petition and is not in dispute here.

Upon review, the court finds that movant has waived the attorney-client privilege as to those claims presented in his petition, namely, the trial counsel's alleged failure to advise movant that he could plead guilty without a plea agreement and that he could plead guilty on the day of the trial, as well as trial counsel's alleged failure to properly advise movant as to his eligibility for a safety-valve reduction. All other communications remain protected by the attorney-client privilege.

Accordingly, IT IS HEREBY ORDERED that

1. Respondent's April 2, 2010 motion for an order finding waiver is partially granted; and

2. Discovery shall conclude on December 30, 2010 and shall be limited in scope in accordance with this court's protective order filed concurrently herewith.

DATED: August 9, 2010.

UNITED STATES MAGISTRATE JUDGE

/014; zamo0219.waiver