IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. 2:05-cr-0219 KJM JFM

    vs.

JOSE ANGEL ZAMORA,

    Movant.                  <u>ORDER</u>

_____/

        Movant, a federal prisoner proceeding through counsel, moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant was sentenced to 151 months imprisonment.  His two claims have previously been articulated by the court as follows:  First, movant asserts that trial counsel was ineffective for failing to advise him that he could plead guilty to the charges without a plea agreement, and that he could plead guilty on the day of trial.  Second, movant claims that trial counsel was ineffective when he failed to advise him regarding his safety-valve eligibility as well as counsel's failure to litigate movant's safety-valve eligibility.

        On December 7, 2012, an evidentiary hearing was set for January 31, 2013.  ECF No. 129.  On January 24, 2013, pursuant to stipulation of the parties, the court continued the evidentiary hearing to March 28, 2013.  ECF No. 133.  On March 19, 2013, the court continued the evidentiary hearing to May 21, 2013, at 10:00 a.m. in Courtroom No. 8.

**I.      Pre-Hearing Requirements**

In preparation for the May 21, 2013, evidentiary hearing, the court orders the following pre-hearing requirements:

**A.      Witnesses**

On or before May 14, 2013, the parties shall exchange and file with the court a list of witnesses who are expected to testify at the hearing, including addresses and telephone numbers. Each party may call any witnesses designated by the other.

1. No other witness will be permitted to testify unless:

   a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence which could not be reasonably anticipated prior to the evidentiary hearing.

   b. The witness was discovered after the exchange of witnesses and the proffering party makes the showing required in " 2," below.

2. Prior to the evidentiary hearing, the parties shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at the evidentiary hearing whether the witnesses shall be permitted to testify.  The witnesses will not be permitted unless:

   a. The witnesses could not reasonably have been discovered prior to the exchange of witness lists;

   b. The court and the opposing party were promptly notified upon discovery of the witnesses;

   c. If time permitted, the party proffered the witnesses for deposition; or

   d. If time did not permit, a reasonable summary of the witnesses' testimony was provided to the opposing party.

////

////

////

**B.    Exhibits**

On or before May 14, 2013, the parties shall exchange and file with the court a list of their exhibits.  Any objections to exhibits may be raised at the hearing. Petitioner will use numbers to mark exhibits; respondents will use letters.

    1. No other exhibits will be permitted to be introduced unless:

        a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated, or

        b. The exhibit was discovered after the exchange of exhibits and the proffering party makes the showing required in Paragraph "2" below.

    2. Prior to the evidentiary hearing, the parties shall promptly inform the court and opposing party of the existence of such exhibits so that the court may consider their admissibility at the evidentiary hearing. The exhibits will not be received unless the proffering party demonstrates:

        a. The exhibits could not reasonably have been discovered earlier;

        b. The court and the opposing party were promptly informed of their existence; or

        c. The proffering party forwarded a copy of the exhibit(s) (if physically possible) to the opposing party. If the exhibit(s) may not be copied the proffering party must show that he has made the exhibit(s) reasonably available for inspection by the opposing party.

**II.    Additional Briefing**

On or before May 14, 2013, the parties shall submit a briefing succinctly outlining:

    1. The issue or issues to be addressed at the evidentiary hearing; and

    2. Whether it is anticipated that any evidentiary issues will arise during the hearing.

DATED: May 9, 2013.

_[signature]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE